**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **Case No. 21-CR-533 (RDM/RMM)** |
| | : | |
| **v.** | : | |
| | : | |
| **RICARDO GLASS,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its request that the defendant be detained pending trial under 18 U.S.C. § 3142(f)(1)(E).

**Introduction**

The defendant is charged by indictment with possession of a machine gun in violation of 18 U.S.C. § 922(o) and related charges. These charges arise from an incident on June 20, 2021. Late that evening, FBI agents and MPD officers were on patrol in the 2200 block of Bladensburg Avenue, N.E. The agents were in unmarked cars, and the officers were in marked patrol cars. As they approached a Mobil station, they saw a group of individuals who appeared to be hanging out in the parking lot. A security guard asked the group if they were pumping gas. The group did not respond.

As officers got out of their vehicle to approach the group, the defendant turned his back to the officers and walked quickly to a small trash can near the pumps. An MPD officer saw the defendant reach toward the front of his pants and then drop something in the trash can. Officers heard a loud, metallic thump, and immediately went to the trash can. They saw a handgun inside

the trash can on top of assorted plastic and paper. Agents and officers then arrested the defendant. (Agents later recovered closed circuit video from the station that shows the defendant making a quick tossing motion toward the trash can. The video does not clearly show what he tossed, however.)

The handgun was a .357 Glock with an extended magazine. It had a total of 23 rounds. Importantly, it had an auto sear switch (commonly called a "giggle switch," a square mechanism about ½" inch long affixed to the back of the slide). This device makes the weapon operate as a machine gun, that is a weapon that will fire multiple rounds with one pull of the trigger. Law enforcement agents later test fired the weapon and confirmed that it did in fact operate as a machine gun.

As agents continued the investigation, they located music videos featuring defendant Ricardo Glass referring to firearms and in particular, firearms equipped with a "switch." For example, on April 23, 2021, defendant Glass was featured in a YouTube video titled "Switches," https://www.youtube.com/watch?v=khxrt1M7pGM. At the 18 second mark of the video, Glass states, "You know we play with them switches; we back active; let's get down to business." Later in the video at the 41 second mark, he states, "Naw, ain't worried cause I got a switch, bruh. Go see my P.O. and I got my glick tucked." A screen shot from this video is attached below:




In another video, on June 20, 2021, defendant Glass was featured in a YouTube video titled, "Special," https://www.youtube.com/watch?v=E1LsSLHaSIM. At the 48 second mark, Glass states, "Lifting this glick up; lay on the floor and I got the drop and it's right from a whore, and we got them glocks with switches." A screen shot from this video is attached below:




Finally, in another video posted on June 16, 2021, defendant Glass was featured in a YouTube video titled, "Trap," https://www.youtube.com/watch?v=vnJdNeL5DN0. At the 12 second mark, Glass states, "Briscoe right with the switch . . . we going to hop out the whip . . . shoot my opps." At the 1:10 minute mark, Glass states, "Got the call from the opp bitch so I know their car . . . huh Glock 22 with the switch." A screen shot from this video is attached below:




Again, the terms "switch" or "giggle switch" are slang for the auto sear device that enables a conventional, semi-automatic pistol to function as a fully automatic machine gun. The term, "glick," is slang a Glock pistol. Agents arrested the defendant on or about August 26, 2021, following the return of the indictment in this case.

## Applicable Law

At a detention hearing the government may present evidence by way of a proffer. United States v. Smith, 79 F.3d 1208, 1209-10 (D.C. Cir. 1996). Each of the four factors under Section 3142(g) that are to guide the Court's detention decision—(1) the nature and circumstances of the offenses charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger posed to the community by the defendant's release—strongly support the need for and wisdom of detaining the

defendant. See 18 U.S.C. § 3142(g); see also United States v. Hale-Cusanelli, 3 F.4th 449, 456 (D.C. Cir. 2021) (determination of dangerousness is "forward looking").

## Argument

### I. The defendant presents a serious danger to the community.

#### A. Nature and Circumstances of the Offenses Charged

The nature and circumstances of the offense charged provides powerful and convincing reasons to detain the defendant until trial. As noted above, the defendant was at a gas station while armed with a machine gun. The gun had an extended magazine allowing it to hold 22 rounds of ammunition. This factor, then, weighs in favor of detention. See, e. g., United States v. Mieses-Casiano, 161 F. Supp. 3d 166, 169 (D. Puerto Rico) (holding 18-year old defendant charged with 18 U.S.C. § 922(o) without bond); United States v. Carter, 2021 WL 687858 (S.D. Ohio) (holding defendant charged with possession of machine gun without bond); United States v. Diaz- Collazo, 2018 WL 377277 (D. Puerto Rico) (same).

#### B. Weight of the Evidence

The weight of the evidence against the defendant is strong. As noted above, when he saw law enforcement officers at the gas station that night, the defendant moved away from them and quickly tossed an object from his pants into a trash can. Officers immediately went to the trash can and saw a .357 Glock pistol with an extended magazine lying on top of paper and plastic trash in the trash can. The weapon was modified with an auto sear switch that causes it to function as a machine gun. Based on his prior experience with handguns and the various rap videos described above, it is clear the defendant knew the purpose and function of the auto sear switch. See United States v. Rogers, 918 F.2d 207, 210 (D.C. Cir. 1990) (juvenile adjudications may be used under

404(b)); see also United States v. Foster, 939 F.2d 445, 455 (7th Cir. 1991) (affirming admission of defendant's verse including references to "key" and "rock" to show defendant's knowledge of drugs found in suitcases he was carrying); United States v. Belfast, 611 F.3d 783, 820 (11th Cir. 2010) (rap lyrics admitted to prove affiliation and knowledge of gang's history of violence). The grand jury has returned an indictment accordingly, signifying a finding of probable cause. Accordingly, this factor favors detention.

C. The Defendant's History and Characteristics

While defendant Glass has no prior adult convictions, as noted in the pre-trial services report, he has repeated adjudications for firearms offenses. He has repeatedly violated the terms of his supervision in those matters as shown in the pre-trial services report. Indeed, he was on supervision at the time of his arrest in this case. See 18 U.S.C. § 3142(g)(3)(B) (court should consider whether defendant was on court supervision at the time of the offense). Accordingly, this factor weighs in favor of detention.

D. Danger to the Community

Finally, there can be no doubt that, for the reasons outlined above, the defendant presents a serious danger to the community. Again, while on supervision for another firearms offense, he was arrested for possession of a machine gun. Nothing short of pre-trial detention is appropriate for the defendant. Mieses-Casiano, 161 F. Supp. 3d at 169-70.

**WHEREFORE**, we respectfully request that the Court order that the defendant be held pending trial in this matter.

Respectfully submitted,

CHANNING D. PHILLIIPS,
ACTING UNITED STATES ATTORNEY

*/s/ Nihar R. Mohanty*

NIHAR R. MOHANTY
Assistant United States Attorney
D. C. Bar No. 436-686
555 4th Street, N.W.
Room 4120
Washington, D.C. 20530
(202) 252-7700